SUPREME JUDICIAL COURT 
 
 ROBERT M. JOOST vs. BOARD OF BAR EXAMINERS

 
 Docket:
 SJC-13587
 
 
 Dates:
 November 19, 2024
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Attorney at Law, Admission to practice, Educational requirements. Board of Bar Examiners. Supreme Judicial Court, Membership in the bar.
 
 

             The petitioner, Robert M. Joost, appeals from the judgment of a single justice of this court denying without a hearing his petition to waive certain educational requirements imposed by S.J.C. Rule 3:01, as appearing in 478 Mass. 1301 (2018), for admission to the bar of the Commonwealth.  Specifically, Joost seeks waiver of the requirements under S.J.C. Rule 3:01 that petitioners hold a bachelor's degree or the equivalent and a juris doctor degree from a law school accredited by the American Bar Association (ABA).[1]  See S.J.C. Rule 3:01, §§ 1.1.4, 3.1.2, 3.1.3; Osakwe v. Board of Bar Examiners, 448 Mass. 85, 87 (2006).  Joost acknowledges that he has not satisfied these requirements and contends that, as a practical matter given his age (eighty years old), he cannot do so now.
            Joost initially requested the waiver of the academic degree requirements from this court's rules committee.  The Board of Bar Examiners objected to his request, and it was ultimately denied by the committee.  Joost then petitioned a single justice of this court for the same relief, and the Board of Bar Examiners opposed his petition.  He now appeals to the full court from the single justice's denial of his petition.  We review the petitioner's request de novo because "we have the final authority to determine who may practice law in the Commonwealth."  Wei Jia v. Board of Bar Examiners, 427 Mass. 777, 782 (1998).
            Joost argues that his knowledge of the law ought to qualify him to sit for the bar examination despite the fact that he does not hold a bachelor's degree (or equivalent) and did not graduate from law school.[2]  He contends that he has over fifty years of legal experience from working as a paralegal, extensive pro se litigation in State and Federal courts, and conducting courses on legal research and procedure for inmates in Federal prisons.  Joost takes the position that his training and knowledge are at least equivalent to that of a law school graduate.  He contends that, in these circumstances, the refusal to waive academic degree requirements violates his equal protection and due process rights, including the right to pursue a lawful occupation.  
            "This court has the authority to establish the rules and standards by which individuals become licensed to practice law in Massachusetts."  Matter of Swanson, 483 Mass. 1022, 1023 (2019).  Such standards do not violate the equal protection or due process protections contained in the Federal and State Constitutions "so long as they have a rational connection with an applicant's fitness or capacity to practice law."  See Matter of Tocci, 413 Mass. 542, 547-548, 550 n.6 (1992).  See also Welter v. Board of Registration in Med., 490 Mass. 718, 724-726 (2022), cert. denied, 143 S. Ct. 2561 (2023) (applying analogous Massachusetts due process standard).  And as this court has explained:
"[T]here is clearly a direct rational connection between the requirement of graduation from an accredited law school and an applicant's fitness to practice law.  The ABA standards relating to the accreditation of law schools provide assurance that applicants to the bar have experienced a generally uniform level of appropriate legal education" (quotation omitted). 
Osakwe, 448 Mass. at 89, quoting Matter of Tocci, supra at 548.  Joost's argument that knowledge of the law is an adequate substitute for a qualifying legal education ignores "the intellectual development and professional acculturation that form the basis of the legal education requirement."  Osakwe, supra at 90.  As to knowledge of the law, we have observed that even "the bar examination we administer, as rigorous and thorough as it may be," cannot "cover any of its topics with the depth and subtlety required in accredited law schools."  Id.
            We conclude, therefore, that Joost is not entitled to a waiver of the academic degree requirements based on experience.  Instead, after a review of the record, "[w]e conclude that the concerns that prompted our adoption of the rule requiring graduation from a law school approved by the ABA would be contradicted by a waiver of the rule in this case."  Matter of Tocci, 413 Mass. at 550-551.  Because the interests of equity and justice do not require granting a waiver of S.J.C. Rule 3:01, §§ 1.1.4, 3.1.2, and 3.1.3, in these circumstances, we affirm the single justice's order.
Judgment affirmed.
The case was submitted on briefs.
Robert M. Joost, pro se.
Carol A. Kelly for the respondent.
 
footnotes

 
            [1] Joost has styled his request throughout as a request that the Board of Bar Examiners be "ordered to allow [him] to take the bar exam[ination], or alternatively," to waive the educational requirements in his case.  To the extent that Joost asks the court to order the Board of Bar Examiners to permit him to sit for the bar examination, this request is denied for the reasons discussed infra.
            [2] In addition, Joost has also failed to meet certain of the other requirements under S.J.C. Rule 3:01, namely, a recommendation of a member of the bar, a Multistate Professional Responsibility Examination Score Report, and two letters of recommendation.  See S.J.C. Rule 3:01, §§ 1.1.1, 1.1.5, 1.1.6.  We do not rest our decision on these grounds, however, because Joost claims that the online application for the bar examination did not allow him to proceed to the point of submitting those materials given that he could not satisfy the threshold showing of the required academic credentials.